UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HUEY P. GARDNER** | **CIVIL ACTION NO. 5:13-cv-0689** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **CADDO PARISH SHERIFF AND** | |
| **CADDO PARISH COMMISSION** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Huey P. Gardner filed the instant civil action on March 21, 2013. Plaintiff is not now incarcerated; nor was he incarcerated when he filed the complaint. However, he does complain that his Eighth Amendment rights to be free from cruel and unusual punishment were violated during the period he was incarcerated at the Caddo Corrections Center from February 11, 2012-June 14, 2012. Specifically he argues (1) that he was subjected to 24-hour lock-down from February 11 – June 14, 2012; (2) that he was subjected to administrative segregation when he refused to submit to a tuberculosis test during the same period; and (3) that he and others were served contaminated food during that period. He named as defendants the Caddo Parish Sheriff and the Caddo Parish Commission and he seeks compensatory and punitive damages totaling $120 million. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as malicious and that appropriate sanctions be imposed.

*Background*

On July 13, 2012, plaintiff filed four separate civil actions seeking compensatory and punitive damages for cruel and unusual punishment he was exposed to during his incarceration at the Caddo Corrections Center from February 11-June 14, 2012.  *See Huey P. Gardner v. Caddo Parish Sheriff, et al.*, Civil Action No. 5:12-cv-1914 (plaintiff argued that he was undernourished); *Huey P. Gardner v. Caddo Parish Sheriff, et al.*, Civil Action No. 5:12-cv-1915 (plaintiff claimed that he was placed in administrative segregation and 24-hour lockdown for refusing a tuberculosis test);  *Huey P. Gardner v. Caddo Parish Sheriff, et al.*, Civil Action No. 5:12-cv-1916 (plaintiff claimed that he was served contaminated food); and  *Huey P. Gardner v. Caddo Parish Sheriff, et al.*, Civil Action No. 5:12-cv-1917 (false imprisonment).

Civil Action No. 5:12-cv-1915 was dismissed as frivolous on March 7, 2013, by Judge Walter. [See Doc. 37] Civil Action No. 5:12-cv-1916 was dismissed as frivolous on February 20, 2013, by Judge Foote. [Doc. 32] The two other civil actions remain pending at this time.

*Law and Analysis*

*1. Screening*

Plaintiff has been permitted to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915.  This complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. The statute provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff suggests that his suit is not subject to the screening provisions of Section 1915 because he was not a prisoner when suit was filed. However, Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); see also *Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued *in forma pauperis* are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

### 2. Malicious and Duplicative

Title 28 U.S.C. §1915(a) enables an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. §1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986). The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. *Green*, 788 F.2d at 1119. If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(d) as malicious." See

*Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.1976)).

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of Section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). Or, put another way, "[w]hen declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

Plaintiff's current pleading is virtually identical to and thus duplicative of Civil Action No. 5:12-cv-1914, Civil Action No. 5:12-cv-1915, Civil Action No. 5:12-cv-1916, and Civil Action No. 5:12-cv-1917 which have either been dismissed as frivolous or remain pending before this Court. Plaintiff has abused the privilege of litigating *in forma pauperis*. The instant civil action is clearly vexatious and malicious and dismissal on that basis is appropriate. Further, plaintiff's continued filing of vexatious and malicious claims invites appropriate sanctions.

Therefore,

**IT IS RECOMMENDED THAT** the instant Civil Action be **DISMISSED WITH PREJUDICE** as malicious and that the Court consider the imposition of appropriate sanctions.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 10, 2013.

                                                                     _____
                                                                     KAREN L. HAYES
                                                                     U. S. MAGISTRATE JUDGE